SCOTTLYNN J HUBBARD IV, SBN 212970
KHUSHPREET R. MEHTON, SBN 276827
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244
Email: USDCCentral@HubsLaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN VOGEL, | No. |
| Plaintiff, | |
| vs. | **Plaintiff's Complaint** |
| PAYAN FOOD SERVICES, INC. dba TACOS y MARISCOS SINALOA; CHENG CHAI LEE, TRUSTEE of the LEE FAMILY TRUST 140925; JIN YEN LEE, TRUSTEE of the LEE FAMILY TRUST 140925, | |
| Defendants. | |

*Vogel v. Payan Food Services, Inc., et al.*
Plaintiff's Complaint

I. SUMMARY

1.     This is a civil rights action by plaintiff Martin Vogel (referred to hereinafter as "Vogel") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Tacos y Mariscos Sinaloa
408 South Brookhurst Street
Anaheim, CA 92804
(referred to hereinafter as "the Restaurant")

2.     Vogel seeks damages, injunctive and declaratory relief, attorney fees and costs pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes against: Payan Food Services, Inc. dba Tacos y Mariscos Sinaloa; Cheng Chai Lee, Trustee of the Lee Family Trust 140925; and, Jin Yen Lee, Trustee of the Lee Family Trust 140925 (hereinafter collectively referred to as "Tacos y Mariscos Sinaloa").

II. JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.     Vogel's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

III. VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7.      Tacos y Mariscos Sinaloa owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, and/or corporation.

8.      Vogel is a T-3 paraplegic as a result of a motorcycle accident in 1986 which left him unable to walk or stand and requiring the use of a wheelchair when traveling about in public.  Consequently, Vogel is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.      The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.      While in the area, Vogel visited the Restaurant to grab a bite to eat and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.  To the extent known by Vogel, the barriers at the Restaurant included, but are not limited to, the following:

- The disabled parking spaces have slopes and/or cross slopes that are too steep, due at least partially to an encroaching built-up curb ramp. Without a level parking space, it is difficult for Vogel to unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level;

- There is no space designated as being van accessible, thus making it difficult for Vogel to determine which spaces are intended for and will accommodate vans;

- The access aisle has slopes and/or cross slopes that are too steep, due mainly to an encroaching built-up curb ramp.  Without a level access

1   aisle, it is difficult for Vogel to unload/transfer from a vehicle as his
2   wheelchair rolls and/or a lift's platform cannot sit level;

3   • There is no International Symbol of Accessibility mounted at the
4   entrance that would indicate to Vogel that the Restaurant is intended
5   to be accessible to him;

6   • The sign on the men's restroom door is incorrect, thus making it
7   difficult for Vogel to determine if the facility is intended to be
8   accessible to him;

9   • There is no signage at the strike side of the men's restroom door that
10   would indicate to Vogel that the facility is intended to be accessible
11   to him;

12   • The water closet stall door is not self-closing, thus making it difficult
13   for Vogel to shut;

14   • The water closet stall door lock is mounted too high, thus making it
15   difficult for Vogel to reach and use;

16   • There is no handle on the interior of the water closet stall door, thus
17   making it difficult for Vogel to pull the door shut;

18   • The disposable seat cover dispenser is mounted too high, thus making
19   it difficult for Vogel to reach and use;

20   • The water closet obstructs the clear space required to access the
21   disposable seat cover dispenser, thus making the dispenser difficult
22   for Vogel to reach and use;

23   • The middle mounting bracket on the side grab bar obstructs its use,
24   thus making it difficult for Vogel to transfer from his wheelchair to
25   the water closet;

26   • The toilet tissue dispenser is mounted too high, thus making it difficult
27   for Vogel to reach and use;

28

*Vogel v. Payan Food Services, Inc., et al.*
Plaintiff's Complaint

- The toilet tissue dispenser is mounted too far from the front of the water closet, thus making it difficult for Vogel to reach and use;
- The pipes beneath the lavatories are incompletely wrapped, thus causing Vogel to risk burning his legs when washing his hands; and,
- The paper towel dispenser is mounted too high, thus making it difficult for Vogel to reach and use.

11. There is a water closet stall provided that is intended to be accessible to the disabled, however, it is an "ambulatory accessible compartment." Facilities may only have an "ambulatory accessible compartment" if there is already a standard side-transfer compartment provided and there are at least six or more total compartments – such is not the case at the Restaurant, therefore:

- There is insufficient clear floor space within the water closet stall, thus making it difficult – if not impossible – for Vogel to enter, maneuver within and transfer to the water closet;
- There is insufficient clear space at the water closet, thus making it difficult for Vogel to transfer from his wheelchair to the water closet;
- The water closet is mounted too far from the closest side wall, thus making it difficult for Vogel to transfer from his wheelchair; and,
- The flush valve is not located on the "wide" side of the water closet, thus making it difficult for Vogel to reach and use.

These barriers prevented Vogel from enjoying full and equal access.

12. Vogel was also deterred from visiting the Restaurant because he knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

13. Vogel also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint,

however, should be construed as an allegation that Vogel is seeking to remove barriers unrelated to his disability.

14.    Tacos y Mariscos Sinaloa knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Tacos y Mariscos Sinaloa has the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the Restaurant accessible to the physically disabled.  To date, however, Tacos y Mariscos Sinaloa refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

15.    At all relevant times, Tacos y Mariscos Sinaloa has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  Tacos y Mariscos Sinaloa has not removed such impediments and has not modified the Restaurant to conform to accessibility standards.

VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

16.    Vogel incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.    Tacos y Mariscos Sinaloa discriminated against Vogel by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or

accommodations of the Restaurant during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

19.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.     Here, Vogel alleges that Tacos y Mariscos Sinaloa can easily remove the architectural barriers at Restaurant without much difficulty or expense, and that Tacos y Mariscos Sinaloa violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.     In the alternative, if it was not "readily achievable" for Tacos y Mariscos Sinaloa to remove the Restaurant's barriers, then Tacos y Mariscos Sinaloa violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

23.     On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24.     The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

Vogel v. Payan Food Services, Inc., et al.
Plaintiff's Complaint

Page 7

25.     Here, Tacos y Mariscos Sinaloa violated the ADA by designing or constructing (or both) the Restaurant in a manner that was not readily accessible to the physically disabled public—including Vogel—when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

26.     On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.     The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28.     Here, Tacos y Mariscos Sinaloa altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Vogel—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.     Here, Tacos y Mariscos Sinaloa violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

---

[1]     Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Vogel v. Payan Food Services, Inc., et al.*
Plaintiff's Complaint

31.     Vogel seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.     Vogel also seeks a finding from this Court (*i.e.,* declaratory relief) that Tacos y Mariscos Sinaloa violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

VII. SECOND CLAIM

**Disabled Persons Act**

33.     Vogel incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.     California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.     California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36.     Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37.     Here, Tacos y Mariscos Sinaloa discriminated against the physically disabled public—including Vogel—by denying them full and equal access to the Restaurant.  Tacos y Mariscos Sinaloa also violated Vogel's rights under the ADA, and, therefore, infringed upon or violated (or both) Vogel's rights under the Disabled Persons Act.

38.     For each offense of the Disabled Persons Act, Vogel seeks actual damages (both general and special damages), statutory minimum damages of one

*Vogel v. Payan Food Services, Inc., et al.*
Plaintiff's Complaint

Page 9

1  thousand dollars ($1,000), declaratory relief, and any other remedy available under
2  California Civil Code § 54.3.

3         39.    He also seeks to enjoin Tacos y Mariscos Sinaloa from violating the
4  Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover
5  reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and
6  55.

7                              VIII. THIRD CLAIM
8                          **Unruh Civil Rights Act**

9         40.    Vogel incorporates the allegations contained in paragraphs 1 through
10  30 for this claim.

11        41.    California Civil Code § 51 states, in part, that: All persons within the
12  jurisdiction of this state are entitled to the full and equal accommodations,
13  advantages, facilities, privileges, or services in all business establishments of every
14  kind whatsoever.

15        42.    California Civil Code § 51.5 also states, in part, that: No business
16  establishment of any kind whatsoever shall discriminate against any person in this
17  state because of the disability of the person.

18        43.    California Civil Code § 51(f) specifically incorporates (by reference)
19  an individual's rights under the ADA into the Unruh Act.

20        44.    Tacos y Mariscos Sinaloa's aforementioned acts and omissions denied
21  the physically disabled public—including Vogel—full and equal accommodations,
22  advantages, facilities, privileges and services in a business establishment (because
23  of their physical disability).

24        45.    These acts and omissions (including the ones that violate the ADA)
25  denied, aided or incited a denial, or discriminated against Vogel by violating the
26  Unruh Act.

27

28

*Vogel v. Payan Food Services, Inc., et al.*
Plaintiff's Complaint

46.     Vogel was damaged by Tacos y Mariscos Sinaloa's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47.     Vogel also seeks to enjoin Tacos y Mariscos Sinaloa from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.     Vogel incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49.     Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.     Vogel alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

52.     Tacos y Mariscos Sinaloa's non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Vogel and other persons with physical disabilities.   Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

1

## X. PRAYER FOR RELIEF

2
3
    WHEREFORE, Vogel prays judgment against Tacos y Mariscos Sinaloa for:

4
5
    1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

6
7
    2.    Declaratory relief that Tacos y Mariscos Sinaloa violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

8
9
    3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

10
    4.    Attorneys' fees, litigation expenses, and costs of suit.[2]

11
    5.    Interest at the legal rate from the date of the filing of this action.

12
13
DATED: December 31, 2015    DISABLED ADVOCACY GROUP, APLC

14
15
                            _/s/ Scottlynn J Hubbard IV_____

16
                            SCOTTLYNN J HUBBARD IV

17
                            Attorney for Plaintiff

18
19
20
21
22
23
24
25
26
27
28

---

[2]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Vogel v. Payan Food Services, Inc., et al.*
Plaintiff's Complaint